IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RUDISLAN PEREZ,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GREGORY BOWMAN and TITAN TRANSFER, INC.,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00208-TES** |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Court now considers the Motion for Partial Summary Judgment [Doc. 39] filed by Gregory Bowman and Titan Transfer, Inc. Defendants argue that the Court should dismiss Plaintiff's claims for lost wages and direct negligence against Titan Transfer.

After consideration of the arguments presented by both parties, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment.

### BACKGROUND

This action stems from a motor vehicle accident that occurred on March 9, 2016, in the parking lot of a Love's Truck Stop in Butts County, Georgia between a tractor-trailer operated by Defendant Gregory Bowman and a tractor-trailer owned by Plaintiff.

1

Plaintiff, a resident of Las Vegas, Nevada, was in Georgia for work at the time of the accident. Defendants admit Bowman was acting in the course and scope of his employment with Titan Transfer at the time of the subject accident, and that Titan Transfer owned the vehicle driven by Bowman. [Doc. 39-15, pp. 1—2].

Plaintiff filed the present action in the Superior Court of Butts County on February 12, 2018. [Doc. 1, p. 1]. On June 8, 2018, Defendants removed the case to this Court based on diversity jurisdiction. [*Id.*, p. 4]. Plaintiff asserts claims against Bowman and his employer, Titan Transfer, for negligence and alleges injuries and damages as a result of the accident. [Doc. 1-2, pp. 6—8]. Plaintiff seeks to recover directly from Titan Transfer under the principle of *respondeat superior*, as well as other independent negligence grounds, namely: Titan Transfer being independently negligent in its hiring, training, supervising, and management of Bowman; and for negligently entrusting Bowman with its vehicle. [*Id.*, pp. 7—8]. Titan Transfer admits that the *respondeat superior* doctrine applies to it because Bowman acted within the scope of his employment during all relevant times. [Doc. 39-16, p. 4]. Defendants also admit Bowman's actions constituted simple negligence but deny that the negligence proximately caused Plaintiff's alleged injuries. [*Id.*, p. 2].

As part of his damages, Plaintiff alleged in a deposition that he suffered lost wages as a result of the subject accident. [*Id.*]; [Doc. 39-9, Perez Depo., p. 45:14-25]. In their motion for partial summary judgment, Defendants state, "Plaintiff has included a

claim for lost wages during the course of discovery, including during his deposition."
[Doc. 39-16, p. 2]. In his Complaint, Plaintiff alleges damages for "economic loss in the past present and future." [Doc. 1-2, p. 6]. Plaintiff does not further elaborate on his economic loss damages in his Complaint. In response to written discovery requests, Plaintiff stated, "I do claim wage loss. Due to the loss of a truck, Plaintiff lost about two months of income (from 3/9/16 to about 5/9/16). Plaintiff is unsure of the amount of income loss, but he calculates about $400 a day." [Doc. 39-8, p. 7]. Plaintiff contends he was self-employed at the time of the accident. [*Id.*].

## **DISCUSSION**

### A. **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant and a fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering this motion, "the evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255. However, the Court need not draw "all possible inferences" in favor of the nonmovant. *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011).

The movant "bears the initial burden of informing the district court of the basis

for its motion[] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant "to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones*, 683 F.3d at 1292 (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2012)).

B. **Plaintiff's Direct Claims Against Titan Transfer**

Defendants first move to dismiss the direct claims against Titan Transfer [Doc. 39-16, p. 4]. In its response to the Defendants' motion for partial summary judgment, "Plaintiff concedes that Defendant Titan is entitled to partial summary judgment as to the direct claims against it for negligent hiring/retention and entrustment." [Doc. 42, p. 2]. Given that Plaintiff concedes that the direct claims against Titan Transfer are due to be dismissed—and because the Court finds there is nothing in the record to support his direct claims against Titan Transfer—the Court **GRANTS** Defendants' motion for partial summary judgment on those claims.

C. **Plaintiff's Claim for Lost Wages**

Defendants also move to dismiss Plaintiff's claim for lost wages arising from the accident. [Doc. 39-16, p. 9]. In this diversity action, Georgia law governs the issue of

4

damages. See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77 (1938). In Georgia, it is well settled that "[d]amages must be proved by evidence which furnishes the jury with sufficient data to enable them to calculate the amount with reasonable certainty," and "[p]roof of damages cannot be 'left to speculation, conjecture and guesswork." *Hurst Boiler & Welding Co., Inc. v. Firstline Corp.*, 426 S.E.2d 22, 23 (Ga. Ct. App. 1992); *Super Discount Markets v. Coney*, 436 S.E.2d 803 (Ga. Ct. App. 1993) (proof of lost wages must be "reasonably certain" and not speculative).

Defendants' motion for partial summary judgment asserted that the existing evidence for lost wages is simply too speculative to allow a jury to ascertain Perez's economic loss. [Doc. 39-16, pp. 9—11]. Defendants correctly point out that Plaintiff estimates his lost wages as "$400 a day," but offers no other concrete support for calculating this figure besides "bank documents." [*Id.*, p. 9]. However, Defendants allege that the "bank documents" Plaintiff provided offer no descriptions or other information to show that these documents refer to lost wages supposedly lost as a result of this accident. [Doc. 39-16, p. 10].

Defendants also point out that Plaintiff only made vague and ambiguous statements about the length of time he was unable to return to work because of the accident. [*Id.*, p. 10]. Defendants next point to multiple supplemental discovery requests for the Plaintiff's lost wages claim that went unanswered, besides Plaintiff producing

5

"credit card statements."[1] [*Id.*]. Thus, Defendants have sufficiently demonstrated that Plaintiff produced insufficient evidence needed to support a claim for lost wages. The burden then shifts to the Plaintiff to present evidence showing lost wages could be calculated with reasonable certainty.

In Plaintiff's reply, Plaintiff fails to present any evidence at all that would enable a jury to calculate the amount of lost wages with reasonable certainty. In fact, Plaintiff merely implores the Court to "use its experience and common sense" and allow him to make his lost wage claim to a jury. [Doc. 42, pp. 2—3]. Of course, this plea fails to meet the requisite summary-judgment standard.

Plaintiff's response again lacks any information that would allow a factfinder to calculate damages for lost wages. [*Id.*]. Plaintiff only offers that he was in Georgia for work and "at the very least Plaintiff was obviously out of work post-accident." [*Id.*, p. 2]. Again, this vague, speculative and ambiguous statement fails to meet the legal standard to demonstrate lost wages. Seemingly, the only evidence Plaintiff could present for his alleged lost wages are his credit card and bank statements. [Doc. 39-16, p. 10]; *see also* [Doc. 39-9, Perez Depo., p. 45:14-25]; [Doc. 39-14]. However, Plaintiff did not produce his credit card or bank statements in his reply. [Doc. 42]. Further, as

---

[1] Defendants cite to "Exhibit N" to show Plaintiff's production of credit card statements. [Doc. 39-16, p. 10]. Exhibit N only contains an email from Defendants' counsel. [Doc. 39-14]. However, the Plaintiff's reply fails to state the relevancy of the credit card statements or discuss them at all. [Doc. 42, pp. 2—3]. Thus, the credit card statements offer no help in ruling on the present motion.

6

already discussed, Plaintiff never directly ties the credit card statements to his lost wages claim. Based on this information, a reasonable jury could not return an award for lost wages to the Plaintiff because the Plaintiff has failed to sufficiently provide a means for calculating lost wages. Thus, there is no sufficient evidence to create a genuine issue of material fact under the foregoing authority. Accordingly, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment on Plaintiff's claim for lost wages.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment [Doc. 39]. Accordingly, the Court **DISMISSES** the Plaintiff's claim for lost wages and the claims against Titan Transfer for direct negligence.

**SO ORDERED**, this 31st day of January, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**